GARLAND G. NOONAN, APPELLANT, v. GEORGE HENRY, RESPONDENT.

Submitted March 23, 1922—Decided June 6, 1922.

H., the owner of property, orally employed N., a real estate broker, to sell his property. N. sold to P. on H.'s terms and received a check on deposit, which he delivered to H., and H. accepted. H. agreed to meet N. and P. and execute an agreement for the sale of the property. At the time and place fixed, H. attended and notified N. and P., who were present, that he did not intend to sell the property. H. returned P. his check. N. then served on H. a notice under chapter 273 of the laws of 1918. *Pamph. L., p.* 1020. H. made no reply thereto and N. sued H. for his commissions. The trial court rendered judgment for H. *Held,* that the ruling of the trial court that H. had a right to repudiate the oral contract of sale, and the oral contract for commissions under the provisions of chapter 273 of the laws of 1918, was correct, and that the judgment for the defendant should be affirmed.

On appeal from the District Court of East Orange.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the appellant, *Burton L. R. Hare.*

For the respondent, *Michael J. Tansey.*

The opinion of the court was delivered by

KATZENBACH, J. George Henry was the owner of premises in Newark. Garland G. Noonan was a real estate broker and was employed by Henry under an oral agreement to sell his property. Noonan effected a sale of the property upon Henry's terms to one, August Pank, and received a check of $100 from Pank as a deposit. Noonan delivered the check to Henry, who accepted it and promised Noonan that he would come to his office on the following Monday and sign an agreement of sale with the purchaser. At the time fixed Henry went to Noonan's office. Pank was there. Henry notified Noonan and Pank that he did not intend to sell,

refused to sign the agreement and returned the check. Thereafter, Noonan served upon Henry a notice under the provisions of chapter 273 of the laws of 1918. *Pamph. L.* 1918, *p.* 1020. Henry made no reply, and Noonan instituted this suit to recover his commission on the transaction. The judge of the District Court of the city of East Orange where the action was brought held: "That there was an oral agreement to pay commissions and that the plaintiff had procured a purchaser, ready, willing and able to purchase the property on the owner's terms in the person of Pank, but that the refusal of defendant to sign the contract and his withdrawal of the property from sale to the knowledge of the plaintiff before the notice was served by the plaintiff was sufficient repudiation or termination of the oral agreement to pay commissions, and that a verbal authorization could be verbally repudiated up to the time the written notice was served, and that a written notice served by a broker after he has been notified that the deal is at an end is not a sufficient compliance with section 10 (*Pamph. L.* 1918, *p.* 1020), to entitle the broker to recover commissions; hence plaintiff was not entitled to recover, and judgment should go for the defendant."

From the judgment thus entered in favor of the defendant the plaintiff has appealed. The question before us for determination is the correctness of the District Court's construction of section 10 of the act for the prevention of frauds and perjuries as amended by chapter 273 of the laws of 1918. The tenth section of the act originally read as follows: "No broker or real estate agent selling or exchanging land for or on account of the owner shall be entitled to any commissions for the sale or exchange of any real estate, unless the authority for selling or exchanging such land is in writing and signed by the owner or his authorized agent and the rate of commission on the dollar shall have been stated thereon." This statute was enacted for the protection of the landowner. It, however, was frequently used by landowners to deprive brokers of commissions which they

had rightfully earned. In 1911 the statute was amended so as to make the landowner liable if the authority of the broker was recognized in a memorandum signed by the owner or his agent, whether or not the same was signed after the sale or exchange had been effected. In 1918 (chapter 273, laws of 1918) the section was again amended, and as amended, the proviso reads as follows:

"Provided, however, that any broker or real estate agent who may be hereafter employed by any owner of real estate by oral agreement to sell or exchange any real estate belonging to such owner, and who shall actually effect the sale or exchange pursuant to such oral agreement before the same shall have been terminated by such owner, in writing, as hereinafter provided, may recover from such owner the amount of commission on such sale or exchange, provided such broker or agent shall within five days after the making of such oral agreement serve upon such owner a notice in writing setting forth the terms of such oral agreement, and stating the rate or amount of commissions to be paid thereunder, and provided said owner shall not have repudiated or terminated such agreement prior to the actual sale or exchange of said real estate. Said owner shall have the right, at any time after receiving such notice to repudiate or terminate such oral agreement, by serving upon such broker or agent a notice in writing to that effect, and upon the repudiation or termination of such agreement by the serving of such notice upon such agent or broker prior to the actual sale or exchange of such property by such agent, such agreement shall be null and void, and no recovery of any commission shall be had thereunder."

This section, as amended, is not free from ambiguity. It is, however, a cardinal rule of construction that every portion of a statute must be given effect, if possible. The difficulty presented is as to what effect shall be given the words, "provided said owner shall not have repudiated or terminated such agreement prior to the actual sale or exchange of said real estate." The appellant contends that

where an oral agreement for commission has been made it may be made effectual by service by the broker of the notice in writing provided by the statute, and that such notice can only be repudiated by a notice in writing to that effect given by the owner to the agent at any time before the actual sale by the agent. This construction of the statute applied to the present case would result in holding that, as the owner gave no written notice of repudiation, the broker is entitled to recover his commission. Such a construction gives no effect to the words, "and provided said owner shall not have repudiated such agreement prior to the actual sale or exchange of said real estate." In this clause it is difficult from the context to determine whether the words "such agreement" refer to the agreement for commission or for the sale or exchange of the land, but in this case it makes no difference because Henry, the landowner,. repudiated both the oral agreement to sell made by Noonan with Pank as well as the oral agreement made with Noonan to pay him commissions for effecting the sale. It seems to us that this clause was inserted in this section of the statute when amended in 1918 to provide for such a contingency as arose in the present case. Henry had authorized Noonan orally to sell his property. No agreement binding upon Henry had been executed with Pank, .the purchaser. No agreement binding in law had been made by Henry with Noonan for his commission. Before any notice relating to his commissions was served by Noonan upon Henry, Henry repudiates and terminates the negotiation for the sale of his property and his oral agreement with Noonan for commissions. This, we believe; Henry had the legal right to do and that this right was reserved to him under the clause, "and provided said owner shall not have repudiated or terminated such agreement prior to the actual sale or exchange of said real estate." To hold otherwise would be to ignore this portion of the statute. This was the construction given to the statute by the District Court in finding a judgment for the defendant.

The judgment rendered is affirmed, with costs.